# IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

In re:  RICHARD D. PASCHALL,                                        Case No. 07-32048-KRH

Debtor.                                                             Chapter 7

## DEBORAH J. PRUNTY'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM # 11

Deborah J. Prunty ("Prunty") responds to debtor's objection to her Proof of Claim (#11) as follows:

1. Prunty and Pashall were previously married to each other.  In March, 2005, they signed two Marital Agreements that established each party's interest in all property acquired during the marriage.[1]  In the agreements, Debtor agreed to quit-claim his interest in two parcels of real property to Prunty and Prunty agreed to pay debtor $48,600.  The agreements were meant to settle, once and for all, all financial issues between the parties.  Prunty paid debtor in full immediately.  Debtor refused to sign the deeds.  Their divorce trial took place on July 31, 2006.  The judge rejected debtor's attempt to set aside the Marital Agreements.  The judge granted Prunty's request for a divorce and ordered the parties' agreements to be incorporated into the final decree.  Debtor finally signed the quit claim deeds on August 13, 2006.  The judge signed the Final Decree of Divorce on September 13, 2006.

2. On June 3, 2007, debtor filed this Chapter 7 case.

3. At the time this case was filed, Deborah Prunty was not listed as a creditor on debtor's schedules.  Deborah Prunty became a creditor by virtue of the rulings in the adversary proceeding of *Roy Terry, Trustee v. Deborah Prunty, et als*., Adversary Proceeding No. 08-03049-KRH.

---

[1] Debtor conceded in his deposition that all the money used to acquire and keep both parcels of real estate came from Prunty's assets owned prior to the marriage.  Thus, even though the property was titled jointly, pursuant to Virginia law it was Prunty's separate property, not marital property.

*In Re: Richard D. Paschall*
Prunty's Response to Debtor's Objection to Prunty's Proof of Claim
Page 2 of 7
*****************************************

4. The trustee filed the adversary proceeding seeking to set aside the transfers of the real property (quit claim deeds) to Prunty as avoidable preferences. One of the central issues in the adversary proceeding was whether Prunty was a creditor. Prunty denied she was a creditor because debtor did not owe her any money because the Marital Agreements had resolved all Prunty's and debtor's financial claims against each other. The trustee claimed Prunty was a creditor. Trustee argued that if debtor has not signed the deeds, Prunty would have had the right to seek a money judgment against debtor. Prunty disputed this statement of law - to no avail.

5. This Court agreed with the trustee and the ruling was upheld on appeal.[2] Thus, the fact that Prunty is a creditor and that debtor owes Prunty money has been established by the rulings in the adversary proceeding. The doctrine of collateral estoppel prohibits anyone from now claiming something the debtor is not indebted to Prunty. The only question is how much does debtor owe Prunty?

6. This Court's ruling in the adversary proceeding effectively overruled that part of the divorce decree establishing Prunty's and debtor's respective interests in the property and allocating the debt acquired during the marriage. In other words, the legal effect of the adversary proceeding was to invalidate the parties' Marital Agreements. Thus, Prunty's and debtor's claims to all property and debt acquired during the marriage is unresolved.

7. Prunty, in filing her Proof of Claim, has included all money she has spent acquiring and maintaining both properties, money she paid to debtor in reliance on the Marital Agreements and money paid on behalf of debtor, which Prunty would have been entitled to recover if the parties had not signed the Marital Agreements. She relies on the doctrines of setoff and recoupment in support of her claims that debtor is indebted to her for his share of all the expenses associated with the properties, and related to the Marital Agreements.

---

[2] The appeals in this adversary proceeding were concluded on February 28, 2011.

*In Re: Richard D. Paschall*
Prunty's Response to Debtor's Objection to Prunty's Proof of Claim
Page 3 of 7
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Recoupment:

*8.* "In essence then, the doctrine of recoupment applies when the competing claims of the debtor and creditor arise from the same contract or transaction. In its simplest form, recoupment allows for the adjustment of the price for a single transaction between two parties." *In re Tidewater Memorial Hosp., Inc.*, 106 B.R. 876 (Bk. E.D.Va.1989). "In deciding the question whether recoupment is to be allowed the court is to be "guided by basic principles of equity." *Id.*

9. In the case of *Reiter v. Cooper*, 507 U.S. 258, 113 S.Ct. 1213 (1993), Justice Scalia defined recoupment as "the setting off against asserted liability on a counterclaim arising out of the same transaction." He further explained "[R]ecoupment permits a determination of the "just and proper liability on the main issue," and involves "no element of preference."

10. In the case of *In re Gem Const. Corp. of Virginia*, 262 B.R. 638, (E.D.Va. 2000), Justice Tice defined recoupment as "the right of a defendant to reduce plaintiff's monetary claim by reason of a claim defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim. *F.D.I.C. v. Marine Midland Realty Credit Corp*., 17 F.3d 715 (4th Cir. 1994)."

11. In the case of *In re Camellia Food Stores, Inc*., 287 B.R. 52 (E.D. Va. 2002). Justice St. John quoted the same language from *F.D.I.C., id*., and predicted that the Court of Appeals for the Fourth Circuit would apply the "integrated transaction test" to determine if recoupment would be permitted in a case:

> This test as articulated by the Third Circuit Court of Appeals defines the same transaction as "both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations."

12. In Richard Paschall's case, both he and Prunty were listed as the record owners on the deeds they received when Prunty purchased the properties. Both he and Prunty signed the loan documents for the respective mortgages. Both he and Prunty should have been responsible for the debt service, taxes, insurance, repair and maintenance of the two

*In Re: Richard D. Paschall*
Prunty's Response to Debtor's Objection to Prunty's Proof of Claim
Page 4 of 7
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    properties.[3] Thus, debtor's (trustee's) claim to an interest in the two properties must be subject to Prunty's right to recoup the money invested in the acquisition and maintenance of the properties.

13. Prunty's claim against debtor arises out of the same two transactions as form the basis of debtor's (trustee's) claim against Prunty. And most important, basic principles of equity dictate that it would be inequitable for the debtor to enjoy the benefits of those transactions without also meeting their obligations.

14. Based on the doctrine of recoupment, Prunty is entitled to recoup her investment in the properties against any claim by debtor to any interest in the existing equity in the properties. Prunty is also entitled to recoup all money paid to debtor pursuant to the marital agreements. But for the Marital Agreements and debtor's promise to quit-claim his interest in the properties to her, which were inextricably linked to the original transactions[4], Prunty would not have paid debtor $48,600 as required by the agreements.

Setoff:

15. 11 U.S.C. 542(b)[5] and 11 U.S.C. 553[6] establish a creditor's right to setoff in a bankruptcy case.

---

[3] Debtor spent little, if any, of his own money on either property.

[4] Purchasing both properties and incurring the loans secured by both mortgages.

[5] § 542. Turnover of property to the estate:

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

[6] § 553. Setoff

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
(1) the claim of such creditor against the debtor is disallowed;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
    (A) after the commencement of the case; or
    (B)
        (i) after 90 days before the date of the filing of the petition; and

*In Re: Richard D. Paschall*
Prunty's Response to Debtor's Objection to Prunty's Proof of Claim
Page 5 of 7
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

16. In the case of *In re Blanton*, 105 B.R. 321, (Bk.E.D.Va.,1989), Justice Tice explained setoff as follows:

> Section 553(a) provides that with certain exceptions the filing of a bankruptcy petition does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.11 U.S.C. § 553(a) (1982 & Supp. V 1988).
>
> In Section 553, the Bankruptcy Code does not create a substantive right but merely preserves in limited form the common law right of offset or setoff. <u>In the simplest form of setoff, parties each having an unrelated and prepetition indebtedness to the other may offset their respective debts so that only a net difference, if any, remains owing.</u> Many reported decisions have considered setoff under Section 553 and its predecessor, Section 68(a) of the Bankruptcy Act; fairly specific principles have been established to apply to individual cases.
>
> Setoff is an equitable remedy which although generally favored is not automatic or self-executing but which must be timely asserted by the creditor. (Citations omitted.)
>
> A creditor claiming setoff must show that the prepetition obligations between the creditor and the debtor are mutual, meaning simply that the debts are between the same parties, standing in the same capacities. (Citations omitted.) Strictly speaking, setoff applies where the opposing claims arise from different transactions. The doctrine of recoupment, which some courts have held is subject to different treatment in bankruptcy, applies where the claims arise from the same transaction. *See Lee v. Schweiker,* 739 F.2d 870, 875 (3d Cir.1984).

17. In the case of *In Re: Circuit City Stores, Inc., et al*., Case No. 08-35653, Memorandum Opinion, December 3, 2009, this Court explained setoff as follows:

> Black's Law Dictionary defines a setoff as a "debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." Black's Law Dictionary 1404 (West 8th Ed.2004). Under Virginia law, a setoff is recognized as

---

       (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362
       (b)(6), 362 (b)(7), 362 (b)(17), 362 (b)(27), 555, 556, 559, 560, or 561); or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
  (A) after 90 days before the date of the filing of the petition;
  (B) while the debtor was insolvent; and
  (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362 (b)(6), 362 (b)(7), 362 (b)(17), 362 (b)(27), 555, 556, 559, 560, or 561).
(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

*In Re: Richard D. Paschall*
*Prunty's Response to Debtor's Objection to Prunty's Proof of Claim*
*Page 6 of 7*
*****************************************

> "A counter demand of a liquidated sum growing out of a transaction extrinsic to the plaintiff's demand, for which an action on contract might be maintained by the defendant against the plaintiff and which is now exhibited by the defendant against the plaintiff for the purpose of counterbalancing in whole or in part the plaintiff's demand, and, where it exceeds the plaintiff's demand, of recovering a judgment in his own favor for the excess. *In re Ward,* 210 B.R. 531, 536 (Bankr.E.D.Va.1997) ( *quoting National Bk. And Trust Co. at Charlottesville v. Castle,* 196 Va. 686, 695, 85 S.E.2d 228, 233 (1995)).
>
> Further, in Virginia, "a setoff must be a debt, or at least in the nature of a debt, and that against which it is to be set off must likewise be a debt. It must be a debt against a debt." (Citations omitted.)  In order for a debt due to be used as a setoff, the party seeking the setoff must show that the debts are mutual, which means the debts are due and owing between the same parties. *See, e.g., Stovers v. Dutton,* 161 Va. 658, 662, 171 S.E. 510 (1933) ("It is a general rule that debts which are not mutual cannot be set off at law, nor in equity.").

18. The elements of Prunty's proof of claim are all in the nature of a debt owed by debtor to Prunty and the obligations arose more than 90 days prior to the date of filing.  Thus, these debts owed by debtor to Prunty satisfy the conditions as stated in 11 U.S.C. 553 and may, therefore, be set off against any liability Prunty would have to debtor's bankruptcy estate based on the results of the adversary proceeding.

Wherefore, Prunty moves this Court to overrule debtor's objection to her proof of claim (#11); that the amount of the debt owed by debtor to Prunty be established by this Court; that once debtor's debt to Prunty is quantified, that Prunty be permitted to recoup that debt from debtor's share of any equity in the subject real estate; that once debtor's debt to Prunty is quantified, that Prunty be permitted to offset that debt against debtor's share of any equity in the subject real estate;  that she be awarded her costs incurred this action; and for such other relief as this Court deems appropriate.

                                                      Deborah J. Prunty
                                                      Deborah J. Prunty Living Trust
                                                      By Counsel

*In Re: Richard D. Paschall*
Prunty's Response to Debtor's Objection to Prunty's Proof of Claim
Page 7 of 7
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

/s/ Ann M. Callaway
Counsel for Deborah J. Prunty
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
(540) 349-4100
(540) 347-1086 fax
VSB #29014

## CERTIFICATE OF SERVICE

     I hereby certify that on April 7, 2011, a copy of the foregoing Response was mailed, postage prepaid, to John C. Smith, Durrette Bradshaw, 1111 East Main Street, 16th Floor, Richmond, VA 23219, to the U.S. Trustee, and to debtor.

                                                   /s/ Ann M. Callaway