UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  RICHARD D. PASCHALL,    Case No. 07-32048-KRH
                                Chapter 7
          Debtor.

**TRUSTEE'S AMENDMENTS TO
THE TRUSTEE'S OBJECTION TO CLAIM # 11 FILED BY DEBORAH PRUNTY**

**COMES NOW** Roy M. Terry, Jr. ("Chapter 7 Trustee"), by counsel, and files this amendment to *Trustee's Objection to Claim # 11 filed by Deborah Prunty* (the "Objection") (docket # 44), and respectfully makes the following three changes:

**1.    PRUNTY'S CLAIM:**  In light of information provided during discovery that Prunty is the sole borrower on the note for the Midlothian Property, and to clarify the Trustee's position on Prunty's claim (which is consistent with the Trustee's Response to Prunty's interrogatories), the Trustee amends Objection IV(F), paragraphs 47 & 48, and withdraws Exhibit C in its entirety:

> **F.    The Trustee believes that Prunty's claim, if any, should be limited to one-half of the value on the Petition Date, less outstanding acquisition indebtedness.**

47.    Prunty's claim against the bankruptcy estate can be different from the Trustee's claim against Prunty.  On June 3, 2007, the Petition Date, the bankruptcy estate had a one-half interest in the Midlothian Property and the Fauquier Property (the "Properties").  Prunty is limited to a one-half interest as of the Petition Date.  The Trustee, however, is entitled to post-petition

Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
Brittany J. Berlauk, VSB No. 80131
DurretteCrump PLC
1111 E. Main St., 16th Floor
Richmond, Virginia 23219
☎ 804.775.6900
Counsel for Chapter 7 Trustee

appreciation in the Properties and is not penalized for decreases in value after April 11, 2008 (the date Prunty was served with the complaint) caused by Prunty failing to turn-over the bankruptcy estates' interest in the Properties in a timely manner.

  48. The Trustee asserts amounts due to Prunty and due to the Trustee are as follows:

  A. <u>Midlothian Property</u>:  Chesterfield County property tax assessments indicate the Midlothian Property was valued at $252,900.00, $266,300.00 and $271,300.00, on January 1, 2007, 2008, and 2009, respectively.  Because Prunty signed the promissory note for the mortgage debt and the Debtor did not, and the Final Divorce Decree (which incorporated the 2005 Marital Agreement) made Prunty solely liable for the mortgage debt, the Trustee, as a hypothetical lien creditor, could reach one-half of the value of the Midlothian Property without being obligated on the promissory note.  Equity in the Midlothian Property is calculated as follows:

|  | Prunty's Claim against estate | Trustee's Claim against Prunty |
|---|---|---|
| Assessed value at January 1, 2007 | $252,900.00 |  |
| Pro rata appreciation between January 1, 2007 and June 3, 2007 (Petition Date) ($266,300.00 - $252,900.00) x 154/365 | 5,653.70 |  |
| Assessed value at June 3, 2007 |  | $266,300.00 |
| Pro rata appreciation between January 1, 2008 and April 11, 2008 (date Prunty served) ($271,300.00 - $266,300.00) x 101/365 |  | 1,383.56 |
| Valuation (calculated) | $258,553.70 | $267,683.56 |
|  | x    50% | x    50% |
| Sub-total | $129,276.85 | $133,841.78 |
| Less: loan payoff | 129,276.85 | 0.00 [1] |
| Valuation of interest in the Midlothian Property | $      0.00 | $133,841.78 |

---

[1] Loan payoff per Form HUD-1 is $150,350.73.  Because Prunty is the sole obligor on the note, the Court should marshal the assets so that Prunty's debts are paid from her assets, and any amount paid by the bankruptcy estate is recoverable from Prunty.

2

B.  <u>Fauquier Property</u>:  Fauquier County property tax assessments indicate the Fauquier Property was valued at $854,200.00 on January 1, 2007, 2008, and 2009.  Equity in the Fauquier Property is calculated as follows:

|  | Prunty's Claim against estate | Trustee's Claim against Prunty |
|---|---|---|
| Assessed value at June 3, 2007 (Petition Date) | $854,200.00 | $854,200.00 |
| Less: loan payoff June 3, 2007 (per amortization schedule) | 238,091.30 | 238,091.30 |
| Equity at June 3, 2007 | $624,650.70 | $624,650.70 |
|  | x    50% | x    50% |
| Valuation of interest in the Fauquier Property | $312,325.35 | $312,325.35 |

**2.     SETOFF AND RECOUPMENT:**  The Trustee amends the Objection to add paragraph 52 (which is consistent with the Trustee's Response to Prunty's interrogatories):

52.     Additionally, the Court should not allow setoff and recoupment because:

**A.     Prunty has unclean hands.**

The Trustee complains of three transgressions, each of which on its own is significant.

1.  Prunty willfully violated the Automatic Stay by <u>selling</u> the bankruptcy estate's interest in the Midlothian Property without the approval of this Court or disclosure to the Chapter 7 Trustee.

2.  Prunty willfully violated the Automatic Stay by subsequently <u>converting the proceeds</u> from the sale of the bankruptcy estate's interest in the Midlothian Property to her own use.

3.  Prunty attempted to cover-up her actions by filing documents with the Court that were false or misleading.

**B.     The Court should not apply the equitable doctrines of recoupment or setoff to allow Prunty to shelter her contempt of this Court and its ruling, her willful violations to the automatic stay, and her attempted cover-up.**

**C.     Recoupment is not applicable.**

    **D.**    **Setoff is not applicable.**

    **E.**    **Setoff taken in violation of the automatic stay is generally void.**

**3.**    **ADMINISTRATIVE EXPENSE:** In light of an indication that Prunty might request that post-petition expenses in the Proof of Claim be treated as an application for administrative expense, the Trustee amends the Objection as follows:

**VI.**    **THE CHAPTER 7 TRUSTEE OBJECTS TO PRUNTY'S CLAIM FOR ADMINISTRATIVE EXPENSE.**

    **A.**    **The Court should deny all of Prunty's claim for administrative expenses because she failed to get prior approval from the Court.**

    **B.**    **Nunc Pro Tunc relief is not appropriate.**

    **C.**    **The Court should deny all of Prunty's claim for administrative expenses occurring after April 11, 2008.**

    **D.**    **No Administrative Expenses should be allowed unless it preserved the estate.**

        **1.**    **Prunty's claim for administrative expense did not arise in a transaction with the Trustee.**

        **2.**    **Prunty's claim for administrative expense did not benefit the estate.**

           **i.**    **Prunty's improvements did not benefit the estate.**

           **ii.**    **Prunty is not entitled to contribution for operating expenses.**

           **iii.**    **Prunty is not entitled to contribution for loan payments.**

    **E.**    **The Court should disallow Administrative Expenses that benefit Prunty.**

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter an Order consistent with the above, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 20th day of September, 2011.

        Roy M. Terry, Jr., Chapter 7 Trustee,
        By Counsel

        /s/ John C. Smith
        Roy M. Terry, Jr., VSB No. 17764
        John C. Smith, VSB No. 44556
        Elizabeth L. Gunn, VSB No. 71044
        Brittany J. Berlauk, VSB No. 80131
        DurretteCrump PLC
        1111 E. Main St., 16th Floor
        Richmond, Virginia 23219
        ☎ 804.775.6900
        📠 804.775.6911
        Counsel for Chapter 7 Trustee

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Ann M. Callaway, Esquire
> Ann M. Callaway, P.C.
> 15 Garrett Street
> Warrenton, VA 20186
> Counsel for Deborah J. Prunty and
> Deborah J. Prunty Living Trust
>
> Roy M. Terry, Jr., Esquire
> DurretteCrump, P.C.
> 1111 E. Main St., 16th Floor
> Richmond, VA 23219
> Chapter 7 Trustee

And I hereby certify that I have mailed the document by U.S. mail to the following non-filing users:

> Richard D. Paschall
> 12012 Hadden Hall Drive
> Chesterfield, VA 23838

\s\ John C. Smith

F:\RMT\Chapter 7 Trustee\07-32048 Paschall, Richard D\Bankr ED Va\07-32048\Tr. Obj to Prunty Claim\Obj. 1st Amended to Prunty's POC.doc